UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


JOHN BEAM                                                                                    PLAINTIFF


VS.                                                        CIVIL ACTION NO. 1:07CV102-SAA


MICHAEL ASTRUE, Commissioner
of Social Security                                                                          DEFENDANT


## MEMORANDUM OPINION


This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the

decision of the Commissioner of Social Security denying the application of plaintiff John E.

Beam for disability insurance benefits ("DIB")under Title II and supplemental security income

("SSI") benefits under Title XVI of the Social Security Act.  Plaintiff applied for DIB and SSI on

or about October 7, 2002, Tr. 65, 253), and alleged that he became disabled on November 6,

2001, due to back problems resulting from work-related accidents.  The requests were denied,

and plaintiff sought review by an administrative law judge ("ALJ").  In an opinion dated October

28, 2003, the ALJ found the plaintiff was not disabled and denied his requests for benefits.  (Tr.

12-23.)  On March 15, 2004, the appeals council found no basis for review of the ALJ's decision.

(Tr. 5-7.)  The plaintiff appealed to this court.  On July 26, 2005, this court entered an order

adopting the Report and Recommendation issued on May 26, 2005 which reversed and remanded

the ALJ's decision for further development.  The R&R states: "the fact that the ALJ erred in

concluding plaintiff had no "severe" mental or psychological impairment warrants remand of this

case for further consideration by the Commissioner, including further evaluation of the plaintiff and expansion of the record if necessary to reach a decision." Civil Action No. 3:04cv89-B-A, Docket No. 15.

On September 12, 2005 the Appeals Council consolidated the case with plaintiff's new applications which were concurrently filed on May 24, 2004. On December 29, 2006, after a new hearing, the ALJ denied the plaintiff's applications. (Tr. 309 - 320). This decision is now ripe for review. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.


## STATEMENT OF THE CASE

### FACTUAL BACKGROUND

The plaintiff was born on May 11, 1954, and he was 52 years old at the time of the December 2006 hearing decision. At the hearing, plaintiff agreed to amend his original onset date to February 3, 2003 (Tr. 653); the plaintiff would have been 48 years old as of his alleged onset of disability. As the court has previously issued a report and recommendation which includes the plaintiff's educational background, employment history and claimed impairments, those will not be repeated here. *See* Civil Action No. 3:04cv89-B-A, Docket No. 15.

### STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2004).

of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2004).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as

---

[2]*Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2004).

[4]20 C.F.R. §§ 404.1520, 416.920 (2004).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2004). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1525 (2004).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2004).

[7]20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2004).

[8]*Muse*, 925 F.2d at 789.

3

adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990).

## DISCUSSION

The ALJ initially found plaintiff's degenerative lumbar disc disease, chronic lumbar strain and depressive disorder constituted "severe" impairments within the meaning of the Act but did not meet or equal a listed impairment. (Tr. 320, Finding Nos. 2 & 3). The ALJ opined that plaintiff's residual functional capacity ("RFC") allowed him perform a full range of medium work. (Tr. 320, Finding No. 5). Further the ALJ found that plaintiff's residual functional capacity did not preclude plaintiff's past relevant work. (Tr. 320, Finding No. 6).

Plaintiff contends that the ALJ's decision was not supported by substantial evidence. Specifically, plaintiff takes issue with (1) the ALJ's conclusion the plaintiff was not disabled under Listing Numbers 1.04A or 12.04A in the listing of impairments in light of finding s and opinions of both treating and examining physicians, (2) the ALJ's determination of the plaintiff's RFC as plaintiff argues that it was based on an erroneous reliance on testimony of the vocational expert (VE) in response to a "defective" hypothetical question, and (3) the ALJ's assessment of plaintiff's credibility.

<u>Listing Numbers 1.04A and/or 12.04A</u>

Plaintiff argues that the ALJ erred in not finding that his impairments met or equaled

Listing 1.04A, disorders of the spine, or 12.04A[9], affective disorders, because there is copious

---

[9]Listing 1.04A states:

<u>1.04 Disorders of the spine</u> (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.
With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

Listing 12.04A states:

<u>12.04 Affective Disorders</u>: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

A. Medically documented persistence, either continuous or intermittent, of one of the following:

1. Depressive syndrome characterized by at least four of the following:
 a. Anhedonia or pervasive loss of interest in almost all activities; or
 b. Appetite disturbance with change in weight; or
 c. Sleep disturbance; or
 d. Psychomotor agitation or retardation; or
 e. Decreased energy; or
 f. Feelings of guilt or worthlessness; or
 g. Difficulty concentrating or thinking; or
 h. Thoughts of suicide; or
 I. Hallucinations, delusions or paranoid thinking; . . .
And

evidence from treating and examining physicians stating that due to plaintiff's physical and mental impairments he would be unable to work. (Tr. 176 - 178, 218 - 230, 231 - 235, 236 - 243, and 508 - 512). The defendant responds that the criteria of the medical listings are demanding and stringent, that it is plaintiff's burden to prove by medical findings that his impairment meets each of the criteria for the equivalent impairment determination under the listings, and that plaintiff has failed to meet this burden. *See Falco v. Shalala,* 27 F.3d 160 (5th Cir. 1994); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).

In order to meet Listing 1.04, the plaintiff must show that he has one of several enumerated spinal disorders that resulted in compromise of a nerve root or the spinal cord. Additionally, plaintiff must show one of the following: nerve root compression, spinal arachnoiditis or lumbar spinal stenosis that results in the inability to ambulate effectively. 20 C.F.R. pt. 404, subpt. P, app. 1, Rule 1.04. The medical evidence here does not evidence the requisite criteria. In fact, the medical records reveal that Drs. Thomas L Windham, Rahul Vohra, and Earnest Lowe Jr., each either examined the plaintiff or reviewed his medical records, and their findings regarding the plaintiff's physical condition were within normal limits. (Tr. 142-143, 173-174, 311, 313, 492, 497, 314, 657-662). Specifically, Dr. Vohra found on March 24, 2004 that the plaintiff was capable of performing a medium level of work. (Tr. 492).

Based on these medical findings, the ALJ concluded that the plaintiff did not meet Listing

---

B. Resulting in at least two of the following:
    1. Marked restriction of activities of daily living; or
    2. Marked difficulties in maintaining social functioning; or
    3. Marked difficulties in maintaining concentration, persistence, or pace; or
    4. Repeated episodes of decompensation, each of extended duration . . . .

1.04A.     According to plaintiff this decision in error because the ALJ afforded limited weight to

the opinions of Drs. Sandifer, Parsons, Hardy and Drumheller, who each concluded that the

plaintiff's physical or mental impairments are such that he would be unable to work (Tr. 318).

The plaintiff also challenges the ALJ's reliance in part on the findings or Dr. Lowe, a non-

examining physician, rather than on the opinions of examining physicians.  The plaintiff is

correct that the ALJ may not rely solely on the assessment of a non-examining physician unless

those findings are based on a clear evaluation of the evidence and do not contradict the opinions

of the examining physicians.  *Villa v. Sullivan,* 895 F.2d 1019 (5th Cir. 1990).  However, given

that two other examining physicians' findings are in line with those of Dr. Lowe, the undersigned

cannot conclude that the ALJ's decision that the plaintiff did not meet Listing 1.04A was in error.

        The record also supports the ALJ's decision that the plaintiff fails to meet the criteria

required by Listing 12.04A, dealing with affective mental disorders. To meet the listing, a

claimant must satisfy the requirements set out in subsections A and B or subsection C.  The

record in this case reveals no evidence to support plaintiff's contention that plaintiff met the "B"

criteria – that the plaintiff's major depression resulted in at least two of the following:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

*See* 20 C.F.R. pt. 404, subpt. P, app. 1, Rule 12.04A.   The ALJ found that the plaintiff had only

"moderate" restrictions of his activities of daily living; in maintaining social functioning and

concentration, persistence, and pace, and that he had no episodes of decompensation, rather than

"marked" limitations or restrictions.  (Tr. 319).  In so finding, the ALJ afforded limited weight to

the June 6, 2006 opinion of Dr. Drumheller because the doctor's assessments were inconsistent with his own clinical findings, and these finding were based in part on plaintiff's own representations which contained conflicting and even false histories of mental health treatment, psychotropic medications, and longitudinal depression. The ALJ specifically identified numerous conflicts in the record and with the plaintiff's representations to medical professionals regarding his mental health status, its onset, treatment and history. (Tr. 318). Given these clear inconsistencies and the fact that Drumheller's opinions were based in part upon them, the court cannot find that the ALJ was incorrect in affording Drumheller's assessment limited weight. While the plaintiff maintains that the "**UNCONTRADICTED** opinions" of Drs. Drumheller and Hardy show that the plaintiff met the requirements of Listing 12.04A, the court cannot conclude, given the ALJ's evaluation of the medical evidence and the plaintiff's contradictory statements and conflicts in the record regarding plaintiff's mental health, that Dr. Drumheller's opinions were "uncontradicted" by the plaintiff's own statements about his mental health or that the ALJ's determination was in error. Because the plaintiff has not shown that he met the "B" criteria, the court need not review the "A" criteria.

Regarding the "C" criteria, the plaintiff has likewise not proved that he met all requisite standards. In light of the plaintiff's medical history and lack of records or evidence to prove that he had any treatment for mental health or that he had any mental health problems for a two-year period from 2003 to 2005, the plaintiff has failed to meet his burden under the "C" criteria. (Tr. 318).

Upon remand and in connection with the second hearing in this case, the ALJ followed the directives of this court, albeit minimally, and adequately documented his conclusions to meet

all minimal requirements within the Social Security Regulations and the Fifth Circuit's standard for substantial evidence. While the court may not necessarily agree with the ALJ's determinations, the court holds that the ALJ's decision is supported by substantial evidence in the record.

Assessment of Plaintiff's RFC

According to plaintiff the ALJ's determination that plaintiff retained the RFC to perform a full range of medium work is erroneous and unsupported by substantial evidence.[10] Plaintiff further argues that the ALJ based his assessment on an improper hypothetical question to the vocational expert ("VE"). During the hearing the ALJ posed the following hypothetical question to the VE:

> . . . In this third hypothetical, the claimant experiences the following pain impairments and work restrictions. Namely, regarding physical issues, the claimant in this third hypothetical, as in the second, can perform the full range regarding physical issues of medium work. He can occasionally lift 50 pounds. He can frequently lift 25 pounds. Claimant can stand and walk for six hours and can sit for six hours in an eight hour work day. And, in addition, he experiences the following mental restrictions, which I will extrapolate from the assessment of the non-examining state agency psychologist in Exhibit B/15F. Namely, the claimant experiences satisfactory abilities, satisfactory abilities to understand, remember, and carry out detailed instructions, to maintain, attention and concentration, to work with others without becoming distracted by them – . . . . To complete a normal and work week without psychologically based interruptions. To interact appropriately with the general public or with supervisors, and to get along with co-workers without distracting them. Based on the assumptions set forth in hypothetical number three, Mr. Crocker, can the claimant return to his past relevant work?

(Tr. 649 - 650). The VE responded in the affirmative, noting that two of the plaintiff's past jobs were at the medium exertional level. (Tr. 650).

---

[10]20 C.F.R. §§ 404.1567(c) and 416.967(c) define medium work as that involving lifting of no more than 50 pounds with frequent lifting of 25 pounds.

The plaintiff primarily contends that although the DDS psychologist found plaintiff to be moderately limited in his ability to understand and remember detailed instructions, to carry out detailed instructions, to maintain attention and concentration for extended periods, to work in coordination with or close proximity to others without being distracted by them, to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, to interact appropriately with the general public, to accept instructions and respond appropriately to criticism from supervisors, and to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, the ALJ "extrapolated" the stated non-exertional limitations from the DDS Mental RFC form and defined the hypothetical claimant's ability to perform the stated actions as "satisfactory." (Tr. 527-530). In doing so, plaintiff contends, the ALJ has overstepped his role as factfinder and substituted his own judgment for that of physicians because nothing in the Social Security Regulations nor in the DDS Mental RFC form equates a moderate limitation to a satisfactory ability. The court agrees that "moderate limitations" and "satisfactory ability" to perform specific work actions are not synonymous terms. Nevertheless, the court cannot overstep its own role on appeal. The fact is that the record contains substantial evidence – specifically in the form of an opinion from Dr. Vohra on March 24, 2004, that the plaintiff was capable of performing medium level work – to support the ALJ's determination of plaintiff's RFC. Even though there is certainly evidence in the record that could have led another ALJ to find that plaintiff was significantly less capable, and in fact another ALJ has so determined,[11] under the current standards imposed by the Fifth Circuit governing review of a Social Security

---

[11]*See* Docket #13-2, p. 9.

case on appeal, the court cannot find the ALJ's determination is clearly erroneous when considering the entirety of the record.

<u>Plaintiff's Credibility</u>

The record is replete with inconsistencies in plaintiff's statements and complaints about his mental and physical impairments which support the ALJ's determination that the plaintiff was not entirely credible. For example, after telling Dr. Drumheller that he had suffered depression since childhood (Tr. 471, 473), plaintiff later communicated to another physician that he had not had problems with depression until 2000 (Tr. 494), and denied any mental health issues to yet a third medical examiner (Tr. 318): the ALJ's determination that the plaintiff was less than credible appears at least plausible.

The Social Security Disability Benefits Reform Act of 1984 provides that:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ; there must be medical signs and findings . . . which could reasonably be expected to produce the pain or other symptoms alleged. . . . Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C. § 423(d)(5)(A). The Fifth Circuit has held that while a "a claimant's assertion of pain or other symptoms must be considered by the ALJ, [42 U.S.C. § 423(d)(5)(A)] requires that a claimant produce objective medical evidence of a condition that reasonably could be expected to produce the level of pain alleged." *Owens v. Heckler,* 770 F.2d 1276, 1281 (5th Cir. 1985). Case law generally supports the premise that the existence of pain or certain symptoms does not automatically create grounds for disability. Instead, the plaintiff must present objective evidence in support of his claims. The plaintiff's own subjective testimony and other evidence of pain or

mental health disorders will not take precedence over conflicting medical evidence. *Owens, at* 1281; *see also Harrell v. Bowen* 862 F.2d 471, 481 (5th Cir.1988); *Parfait v. Bowen,* 803 F.2d 810, 813 (5th Cir.1986). It is peculiarly within the province of the ALJ to make determinations regarding credibility of the evidence. *Harrell v. Bowen*, 862 F.2d at 480. The fact that the ALJ did not find that the plaintiff had the severe level of depression or pain that he claimed is completely within the discretion of the ALJ. In this case the ALJ demonstrated by numerous specific references to the record and medical evidence that he carefully weighed both plaintiff's testimony and all medical evidence to determine that discrepancies existed and then to find that the objective medical evidence does not confirm the plaintiff's subjective complaints. This court holds that the ALJ was within his power to make this determination, and the evidence in this case supports the ALJ's findings.

CONCLUSION

Because the decision of the Commissioner in this case is supported by substantial evidence, the decision of the ALJ must be affirmed. A Final Judgment will issue this day in accordance with this memorandum opinion.

This, the 22nd day of September, 2008.

/s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE